| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X<br>TSHOMBE ANTHONY, 2021000805,<br><br>                          Plaintiff,<br><br>     -against-<br><br>CORPORAL GULIKSEN, CORRECTIONS OFFICER VANHARREN, CORRECTIONS OFFICER JHON DOE, NURSE JHON DOE, SERGEANT JHON DOE,<br><br>                         Defendants.<br>----------------------------------------------------------------X | For Online Publication Only<br><br><br><br>**ORDER**<br>21-CV-03987(JMA)(AKT)<br>**FILED**<br>**CLERK**<br>2:17 pm, Jul 23, 2021<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE |

**AZRACK, United States District Judge:**

On July 14, 2021, incarcerated *pro se* plaintiff Tshombe Anthony ("plaintiff") commenced this action against Corporal Guliksen, Corrections Officer Vanharren, and three unnamed individuals alleged to be a corrections officer, a nurse, and a sergeant at the Nassau County Correctional Center (collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*.

Upon review of the declarations accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants plaintiff's application to proceed *in forma pauperis* and orders service of the summonses and complaint upon the defendants by the United States Marshal Service ("USMS"). However, the USMS will not be able to serve the unidentified defendants without more information.

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (*per curiam*), the Nassau County attorney is requested to assist with identifying the unnamed defendants who are alleged to

1

be employed as corrections officer, a sergeant, and a nurse working at the Nassau County Correctional Center as is alleged in the complaint. Accordingly, the Clerk of the Court shall serve a copy of the complaint, together with this order, on the Nassau County Attorney. The Nassau County Attorney's Office is requested to attempt to ascertain the full names of the unidentified defendants and to provide their names and the address(es) where such defendants can be served to the Court and to plaintiff within thirty (30) days of the date that this Order is served upon it.

The Nassau County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which the plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*. Once the information is provided to the Court by the Nassau County Attorney's Office, plaintiff's complaint shall be deemed amended to reflect the full names of the unnamed defendants, a summons shall be issued to each defendant, and the USMS shall effect service.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the plaintiff at his last known address.

**SO ORDERED.**                                                      _____/s/ (JMA)_____
                                                                                 JOAN M. AZRACK
Dated:   July 23, 2021                                               UNITED STATES DISTRICT JUDGE
            Central Islip, New York