UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TSHOMBE ANTHONY,

                Plaintiff,

v.

CORPORAL-GULIKSEN, *et al.*,

                Defendants.

**ORDER**
21-CV-03987 (HG) (LGD)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff commenced this action, asserting claims pursuant to 42 U.S.C. § 1983, alleging that Defendants physically and sexually assaulted him while he was showering at Nassau County Correctional Center. ECF No. 1 at 4–6. At first, Plaintiff actively participated in this lawsuit. However, his participation stopped when Defendants' counsel attempted to depose him at Elmira Correctional Facility, where he was incarcerated at the time, on May 1, 2023. ECF No. 67 at 2. Plaintiff informed Defendants that he would prefer to reschedule the deposition since he was due to be released in only a few days, on May 4, 2023, and because he would prefer to be deposed without correctional officers present. *Id.* Defendants' counsel agreed to Plaintiff's request, and they ended the deposition without proceeding any further. *Id.* Since that time, however, Plaintiff has refused to communicate with either Defendants' counsel or the Court, including to provide new contact information.

      Since Plaintiff's impending release from prison was known to the parties, Magistrate Judge Dunst warned Plaintiff on two separate occasions, including during a telephone conference that Plaintiff attended before his release, that Plaintiff would be required to maintain updated contact information with the Court. ECF No. 48; ECF Order dated May 12, 2023. Judge Dunst further explained to Plaintiff that he could seek assistance with his case from Hofstra

University's *Pro Se* Clinic at this District's Central Islip courthouse.  ECF No. 48.  When Plaintiff fell out of communication with Defendants and the Court, Judge Dunst ordered Defendants to attempt to determine Plaintiff's address and to update the Court about their efforts.  ECF Order dated May 26, 2023.  Defendants responded that they had been unable to determine Plaintiff's address, despite contacting Plaintiff's parole officers and local shelters, and that they had been advised by Plaintiff's parole officers that he has not maintained contact with them and is considered an "absconder."  ECF No. 63.  In response, Judge Dunst issued an order directing Plaintiff to provide an updated address to the Court on or before July 11, 2023, and warned Plaintiff that his failure to do so "may result in this action being dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."  ECF Order dated June 29, 2023.  Defendants attempted to inform Plaintiff of that order by sending copies to the Nassau County office of New York's Department of Corrections and Community Supervision and Nassau County's Department of Social Services.  ECF No. 64.

      When Plaintiff failed to attend a telephone conference on July 18, 2023, which had been scheduled on the record during a prior telephone conference that Plaintiff had attended, Judge Dunst instructed Defendants to file a pre-motion letter requesting permission to move to dismiss Plaintiff's claims for failure to prosecute.  ECF No. 66.  Defendants timely filed that pre-motion letter.  ECF No. 67.  I declined to hold a pre-motion conference but ordered Plaintiff to file a letter no later than September 5, 2023, stating that he still intends to participate in this case, and providing an address, telephone number, and email address, if any, that the Court and Defendants' counsel may use to contact him.  ECF No. 72.  I unambiguously warned Plaintiff that if he failed timely to respond to that order, then the Court would likely dismiss his claims with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *Id.*  Defendants'

counsel sent a copy of that order to the Department of Corrections and Community Supervision since Plaintiff has not identified any other address at which he can be reached. ECF No. 73.

More than five weeks have passed since Plaintiff's deadline to demonstrate that he intends to proceed with this case, and he has not filed any response to my order. Defendants have reiterated their request that Plaintiff's claims be dismissed for failure to prosecute, *see* ECF No. 75, and the Court agrees that dismissing Plaintiff's claims with prejudice is appropriate. When dismissing claims for failure to prosecute pursuant to Rule 41(b), the Second Circuit has directed district courts to consider the following factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).[1]

Each of the relevant factors favors dismissal. As described above, Judge Dunst warned Plaintiff multiple times that he needed to maintain current contact information with the Court and warned that Plaintiff's claims could be dismissed for failure to prosecute if Plaintiff failed to do so. After those warnings, I gave Plaintiff one, unambiguous final warning that his claims would be dismissed if he failed timely to come forward to participate in the case. Plaintiff's non-participation in the case has lasted more than five months since he was released from prison in May. Defendants would be prejudiced by being forced to attempt to disprove the claims of a party who has been nonresponsive and is unlikely to participate in further discovery. Similarly,

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

the Court has an interest in eliminating this case from its docket, rather than keeping it open for the benefit of a party who has shown no interest in participating in the case for five months. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this [D]istrict seek access to the courts." *Rojas v. L-Ray, LLC*, No. 20-cv-6109, 2021 WL 6127047, at *2 (S.D.N.Y. Dec. 28, 2021) (dismissing claims pursuant to Rule 41(b)).

Finally, I have considered imposing less drastic sanctions, such as monetary sanctions. But since warning Plaintiff that his case may be dismissed has not triggered his participation, "there is no reason to believe that a lesser sanction would be effective." *Aguilar v. Kimo Mgmt. Grp. Corp.*, No. 21-cv-7537, 2023 WL 2822201, at *2 (S.D.N.Y. Apr. 6, 2023) (dismissing claims pursuant to Rule 41(b) because plaintiff ignored order warning about potential dismissal and "appear[ed] uninterested in pursuing her claims"). The fact that Plaintiff appears to be evading even his parole officer's attempts to supervise him, which may result in further criminal punishment, suggests that he is unlikely to resume participating in this case in response to discovery sanctions or civil contempt penalties.

## CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's claims with prejudice for failure to prosecute pursuant to Rule 41(b). The Clerk of Court is respectfully directed to enter judgment and to close this case. Defendants' counsel shall mail a copy of this order and the eventual judgment to Plaintiff's last known address and shall file a letter no later than three business days after the judgment has been entered confirming that they have done so.

SO ORDERED.

    /s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       October 13, 2023